UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: **09-CV-23390-Lenard-Turnoff**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA A/S/O
HAYES FLUID CONTROLS, a division
of ROMAC INDUSTRIES, INC.,

    Plaintiff,

vs.

PARIGI INDUSTRY, SLR,

    Defendant.
_____/



FILED by  VT  D.C.
ELECTRONIC

Nov. 5, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

COMES NOW, PLAINTIFF, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA A/S/O HAYES FLUID CONTROLS, a division of ROMAC INDUSTRIES, INC. (hereinafter referred to as "TRAVELERS" and/or "HAYES" and/or "ROMAC"), by and through its undersigned counsel, and hereby sues the Defendant, PARIGI INDUSTRY, SLR (hereinafter "PARIGI"); and alleges as follows:

### JURISDICTION AND VENUE

1.    This is a Subrogation action to recover damages in the amount of $438,574.90, exclusive of interest, costs and attorneys fees and as such is within the jurisdictional limits of this Court.

2.    At all times material hereto, the Plaintiff, TRAVELERS, was incorporated in the State of Connecticut and had its home office and principal place of business in the State of Connecticut.

3. At all times material hereto, the Defendant, PARIGI, was an Italian Corporation incorporated in the Country of Italy and was doing business in the State of Florida.

4. At all times material hereto, the Defendant, PARIGI, was the manufacturer and seller of a defective braided steel hose and fitting used in the air condition industry (herein after the "Defective Product") that they manufactured and sold to Plaintiff's insured's, HAYES and/or ROMAC in the State of Florida, which Plaintiff's insured's, HAYES and/or ROMAC then resold without alteration to another company for incorporation into air conditioning systems that were then later installed in a condominium project being built and located in Dade County, FL, that subsequently failed which caused the underlying loss giving rise to this action.

5. This is an action between citizens of different States, such that there is diversity of citizenship and jurisdiction is proper under 28 U.S.C. §1332.

6. At all times material hereto, the loss which is the subject of this action occurred on December 17, 2007, in Miami, Dade County, Florida.

7. At all times material hereto, the tortuous acts and conduct of the Defendant and the damages resulting there from occurred in Miami, Dade County, Florida.

8. All conditions precedent, if any, to the filing or maintenance of this action have been performed, have occurred, or have otherwise been waived.

9. Based upon the foregoing, jurisdiction and venue of this action is proper in the United States District Court, for the Southern District of Florida.

**GENERAL FACTUAL BACKGROUND ALLEGATIONS COMMON TO ALL COUNTS**

10. At all times material hereto, Plaintiff's insured's, HAYES and/or ROMAC, was a seller/distributor of the Defective Product that they purchased from the Defendant, PARIGI, and

resold, without alteration, to another company by the name of Climate Masters ("CLIMATE MASTERS") who used and installed the Defective Product into air conditioning units that were later installed in a condominium project known as "Brickel on the River Condominiums" located at 41 S.E. 5th Street, Miami, Dade County, FL. (hereinafter referred to as the "Subject Property" and/or the "Subject Condominium Project").

11. At all times material hereto the Subject Condominium Project was a luxury condominium project in the process of being built with most of its units almost completed at the time of the loss giving rise to this action.

12. At all times material hereto the General Contractor for the Subject Condominium Project was Facchina McGaughan ("FACCHINA").

13. At all times material hereto the mechanical contractor for the Subject Condominium Project was John J. Kirlin, LLC ("KIRLIN").

14. At all times material hereto, John J. Kirlin, LLC was hired by the general contractor to install the air conditioning units containing the Defective Product into the Subject Condominium Project.

15. At all times material hereto, the Plaintiff, TRAVELERS, insured HAYES and/or ROMAC, under a policy of insurance that was in effect at the time of the loss that is the subject of this action.

16. On or about December 13, 2007, approximately four days prior to the failure, KIRLIN installed air conditioning units containing the Defective Product in the Subject Condominium Project.

17. On or about December 17, 2007, one of the air conditioning units (unit #1010) previously installed by KIRLIN at the Subject Condominium Project containing the Defective

Product failed which caused a large volume of water to flow for a significant period of time into the Subject Condominium Project causing a great amount of damage to Subject Condominium Project.

18. As a consequence of the forgoing, demand was made on Plaintiff's insured HAYES and/or ROMAC to pay for the costs to repair the damages sustained by the Subject Property caused by the Defective Product.

19. Subsequent to the foregoing, Plaintiff's insured, HAYES and/or ROMAC, made a claim on its insurance policy with TRAVELERS to pay for the damages sustained by the Subject Property caused by the Defective Product.

20. As a result of the foregoing, the Plaintiff, TRAVELERS, performed an investigation to determine the cause of the failure.

### PLAINTIFF'S INVESTIGATION

21. In connection therewith the Plaintiff, TRAVELERS hired an engineer to inspect the Defective Product to determine what caused the Defective Product to fail.

22. In connection therewith, Plaintiff's engineering experts found that:

　　a. The flange that holds on the nut/fitting was not as long as it should have been;

　　b. The hose was to thin at the flange connection; and

　　c. Once the hose was pressurized with water, the flange could not hold the nut and the leak occurred..

23. At all times material hereto, the Defendant, PARIGI, was advised by Plaintiff's insured, HAYES and/or ROMAC of the needs for the hose and fitting, the intended uses and pressure ratings and requested a steel overlay hose meeting these requirements.

24. In response thereto the Defendant, PARIGI, manufactured, sold and supplied to the Plaintiff's insured, HAYES and/or ROMAC the Defective Product which was "defective" and did not meet the requirements or specific uses intended and failed and caused the damages and loss which is the subject of this matter.

25. At all times material hereto, the Defendant, PARIGI, was careless and negligent by selling and supplying Plaintiff's insured's, HAYES and/or ROMAC, with a Defective Product that did not meet the requirements or specific uses intended and by failing to warn of the defects in the product.

26. At all times material hereto, the defect and/or problem Defendant, PARIGI'S Defective Product was unknown, hidden from view and constituted a latent defect.

## DAMAGES

27. As a direct result of the Defendant, Defendant, PARIGI'S Defective Product, the Subject Property suffered direct damages in the amount of $438,574.90.

28. In connection therewith, TRAVELERS paid out to, for or on behalf of its insured's, HAYES and/or ROMAC, the total sum of $438,574.90 for the losses which are the subject of this action, which the Plaintiff, TRAVELERS, is entitled to recover in this action from the Defendant, PARIGI, pursuant to the doctrines of Common law, Contractual and/or Equitable Subrogation.

29. Subsequent thereto, the Plaintiff, TRAVELERS, put the Defendant, PARIGI, on formal written notice of this loss and made demand upon the Defendant, PARIGI to reimburse the Plaintiff, TRAVELERS, for the damages it suffered as a result of the subject loss.

30.  Notwithstanding the foregoing, the Defendant, PARIGI, has failed and/or refused to reimburse the Plaintiff, TRAVELERS, for the damages sustained in the subject loss thereby necessitated the filing of this action.

## COUNT I

## NEGLIGENCE

31.  At all times material hereto, the Defendant, PARIGI, as the manufacturer, seller and distributor of the Defective Product, owed the Plaintiff's insured's, HAYES and/or ROMAC, a duty of care to manufacturer, sell and distribute their products in a careful and non-negligent manner.

32.  Further, at all times material hereto the Defendant, PARIGI, as the manufacturer, seller and distributor of the Defective Product, owed the Plaintiff's insured's, HAYES and/or ROMAC, a duty of care to manufacture, sell and distribute their products in conformance with generally accepted standards and practices in the industry for similar products and for their products to be of good quality and free from any faults, and defects and to warn of any defects in their products.

33.  Furthermore, at all times material hereto the Defendant, PARIGI, as the manufacturer, seller and distributor of the Defective Product, owed the Plaintiff's insured's, HAYES and/or ROMAC, a duty of care to manufacture, sell and distribute their products in conformance with the specific needs, purposes, intended uses and pressure ratings requested and not to manufacture, sell or distribute a Defective Product not meeting these requirements

34.  This duty is owed under Florida Common Law and is independent of any duties owed.

35. At all times material hereto, the Defendant, PARIGI, was careless and negligent and breached its duty of care by manufacturing, selling and distributing the Defective Product as more fully set forth hereinabove.

36. As a direct and proximate result of the Defendant, PARIGI'S negligence, TRAVELERS A/S/O HAYES and/or ROMAC sustained damages in the principal amount of $438,574.90, which the Plaintiff, TRAVELERS A/S/O HAYES and/or ROMAC, is entitled to recover from the Defendant, PARIGI, in this action pursuant to the doctrines of Common law, Contractual and/or Equitable Subrogation together with pre-judgment interest accrued thereon from the date of loss: December 17, 2007, until paid in full.

WHEREFORE Plaintiff, TRAVELERS A/S/O HAYES and/or ROMAC, hereby demands judgment against the Defendant, PARIGI, for damages in the amount of $438,574.90, together with pre-judgment interest accrued thereon from December 17, 2007, until paid in full, together with its court costs incurred in connection with the maintenance of this action and any other relief that this Court deems just and proper.

## COUNT II

### STRICT LIABLITY IN TORT/PRODUCT LIABLITY

37. As set forth above, the Defendant, PARIGI, was in the business of manufacturing, selling, and distributing braided steel hoses and fitting used in the air condition industry.

38. At the time it manufactured, sold, and distributed the Defective Product and/or introduced the Defective Product into the stream of commerce, the Defendant, PARIGI, knew or should have known the normal and ordinary purposes for which the Defective Product was intended to be used, and the proper manner in which said Product should be manufactured.

39. At all times material hereto, the Defendant, PARIGI, owed a duty of care to the public at large and specifically, Plaintiff's insured's HAYES and/or ROMAC, as the purchaser of their Defective Product, to make sure that the products it manufactured, sold, and distributed and introduced into the stream of commerce, were safe to use for their normal and intended uses and purposes, that they were merchantable and that they were free from any material defects.

40. At all times material hereto, the Defendant, PARIGI, breached its duty of care and was careless and negligent in that it negligently manufactured, sold, and distributed the Defective Product and introduced the Defective Product into the stream of commerce with a material defect in it knowing that it would be used without alteration.

41. The material defect in the Defective Product was the direct and proximate cause of the loss suffered hereunder.

42. As a direct and proximate result of the Defendant, PARIGI'S negligence, TRAVELERS A/S/O HAYES and/or ROMAC sustained damages in the principal amount of $438,574.90, which the Plaintiff, TRAVELERS A/S/O HAYES and/or ROMAC, is entitled to recover from the Defendant, PARIGI, in this action pursuant to the doctrines of Common law, Contractual and/or Equitable Subrogation together with pre-judgment interest accrued thereon from the date of loss: December 17, 2007, until paid in full.

WHEREFORE Plaintiff, TRAVELERS A/S/O HAYES and/or ROMAC, hereby demands judgment against the Defendant, PARIGI, for damages in the amount of $438,574.90, together with pre-judgment interest accrued thereon from December 17, 2007, until paid in full, together with its court costs incurred in connection with the maintenance of this action and any other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable as a matter of law.

                                      LAW OFFICES OF ROBERT F. TACHER
                                      Counsel for PLAINTIFF
                                      3230 West Commercial Boulevard
                                      Suite 250
                                      Fort Lauderdale, FL  33309
                                      Telephone No.:   (954) 677-3700
                                      Facsimile No.:   (954) 677-3710

                                      By:_____
                                        JOEL L. ROTH, ESQUIRE
                                        Florida Bar Number: 373567

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA A/S/O HAYES FLUID CONTROLS, a division of ROMAC

**DEFENDANTS**
PARIGI INDUSTRY, SRL

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Joel L. Roth, Esq. - Law Office of Robert F. Tacher
3230 W. Commercial Blvd., Suite 250, Ft. Lauderdale, FL 33309
(954) 677-3700

Attorneys (If Known)
Buckley & Fudge, PA. 650 16th Street North
St. Petersburg, FL 33705

(d) Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:09CV 23390-Lenard
Turnoff

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☑ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☑ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | | | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**

28 USC Sec. 1332 - Diversity of Jurisdiction and citizenship

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 38,574.90

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 11.4.09

FOR OFFICE USE ONLY
AMOUNT 350.00  RECEIPT # 547982  IFP